# UNITED STATES DISTRICT COURT
for the
District of Columbia

Divi~

Monica Angela Stoddard

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Transportation Security Administration
(U.S. Department of Homeland Security)

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:17-cv-02149  **JURY DEMAND**
Assigned To : Unassigned
Assign. Date : 9/28/2017
Description: Employ. Discrim. **(H-DECK)**

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Monica Angela Stoddard |
   | Street Address | 3115 Newton Street, NE, #1 |
   | City and County | Washington |
   | State and Zip Code | District of Columbia 20018 |
   | Telephone Number | 202.210.4942 |
   | E-mail Address | Monica.Stoddard84@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

**RECEIVED**
SEP 28 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Page 1 of 7

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**Defendant No. 1**

| | |
|---|---|
| Name | Elaine C. Duke, (Acting Secretary) |
| Job or Title (if known) | US Dept. of Homeland Security (Transportation Security Admin.) |
| Street Address | |
| City and County | Washington DC |
| State and Zip Code | Washington DC 20528 |
| Telephone Number | (202) 282-8000 |
| E-mail Address (if known) | |

**Defendant No. 2**

| | |
|---|---|
| Name | Timothy Bragstad |
| Job or Title (if known) | Assistant Federal Security Director, TSA/DHS |
| Street Address | Reagan Washington National Airport |
| City and County | Arlington, Arlington County |
| State and Zip Code | VA 22026 |
| Telephone Number | 202.282.8000 |
| E-mail Address (if known) | tim.bragstad@tsa.dhs.gov |

**Defendant No. 3**

| | |
|---|---|
| Name | Charita Wade-Tucker |
| Job or Title (if known) | Deputy Assistant Federal Security Director, TSA/DHS |
| Street Address | Reagan Washington National Airport, Terminal A, Suite M142 |
| City and County | Washington |
| State and Zip Code | DC 20528 |
| Telephone Number | 703.603.2502 |
| E-mail Address (if known) | charita.tucker@tsa.dhs.gov |

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**C.   Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Transportation Security Administration (Department of Homeland Security) |
| Street Address | 1 Aviation Circle |
| City and County | Arlington |
| State and Zip Code | VA 22026 |
| Telephone Number | 202.282.8000 |

**II.   Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒   Other federal law *(specify the federal law)*:

Health Insurance Portability and Accountability Act of 1996 (HIPAA) Public Law 104-191

☐   Relevant state law *(specify, if known)*:

n/a

☐   Relevant city or county law *(specify, if known)*:

n/a

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☐ Retaliation.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
April 6, 2016, when Complainant Ms. Stoddard was terminated.

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☒ race — African-American
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*

> The agency, and, in particular, Timothy Bragstad and Charlita Wade-Tucker, wrongly used my failed random drug test of March 6, 2016, as an excuse to fire me, using agency regulations (EX 9) that I was perceived as disabled and unable to perform my duties, although I was on prescribed medication, over-the-counter cold medication, and none of these medicines affected my ability to perform my duties. (EX. 10). The agency never asked me for proof of my medications, as had been done with a white employee who had been tested around the same time; had failed her drug tests three (3) times in March 2016; had been asked about her prescriptions and allowed to present proof of her prescriptions; and had been allowed to keep her job. (EX. 4(a)).

E. The facts of my case are as follows. Attach additional pages if needed.

I had worked for the Transportation Security Administration since October 16, 2005, and had received many honors, citations of appreciation, awards for Employee of the Month, and had achieved a spotless disciplinary record, and had passed the only other random drug test I had taken years before. (EX 11). On March 6, 2016, my supervisor directed me to submit to a random urinalysis test pursuant to the TSA Drug and Alcohol Free Workplace Program. (EX. 9a). Prior to this day I was on prescribed medication due to a prior root canal performed in October 2015, as well as a wisdom tooth extraction in February 2016 that had become infected. (EX. 2). Due to a head cold I was also taking over the counter medication as well as diet and birth control pills. (EX. 2, EX. 10). Just prior to the random drug test I was not asked by the testing facility if I was taking any medication. (EX. 2). (*Please see attachments).

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

November 6, 2016

B. The Equal Employment Opportunity Commission *(check one)*:
- ☐ has not issued a Notice of Right to Sue letter.
- ☒ issued a Notice of Right to Sue letter, which I received on *(date)*   7/5/2017   .

   *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

# **COMPLAINT OF DISCRIMINATION**
## (cont.)

**E.   (The facts of my case, from page 5):**

On March 15, 2016, nine (9) days after my urinalysis drug test, the Medical Office called to inform me that I had failed the test and I was appalled because I have never taken illegal drugs. (EX. 2 (1-9)). The medical officer asked me whether I was taking prescription medicine, diet pills, or over the counter medication as my urine had tested positive for methamphetamines and amphetamines. I answered in the affirmative and told her what I was taking, as these medicines had obviously caused the result of my drug test because I have never taken illegal drugs in my life. (EX 2). However, neither this medical officer nor anyone else ever asked me to provide documentation of my prescribed medications, nor was I ever asked by anyone to provide documentation of these prescriptions. (EX. 2 (1-9)).

Respondent Charita Wade-Tucker texted me on March 17, 2016, to contact her when I arrived at work. (EX. 2). While discussing my failed drug test with co-defendants Bragstad and Wade-Tucker that day they informed me this was in fact a *pre-decisional* meeting and that they would inform my supervisor, Rahim Williams, that the screening functions of my job were being removed without explaining the reason why, pending a thorough investigation, which never happened. (Id.). I received written notice of this change in my duty status on March 17, 2016. (EX. 4). Bragstad and Wade-Tucker also told me at this meeting that I could resign right then but be ineligible for unemployment compensation, but if I was terminated I could receive unemployment. (EX. 2 (2-9)). I did not resign because I had done nothing wrong. (Id.). Wade-Tucker and an Amy Turner, who worked with Wade-Tucker, kept pressing me to resign at that time. (EX. 2(6)). In addition, I had had a prior incident with Wade-Tucker on or about August 1, 2014, when she failed to select me for a promotion to vacancy announcement #DCA-14-802842, stating that she did not believe I was "ready" for that position even though I had scored high enough, and was never allowed to view my scores from the interviewer for that position. I believe Wade-Tucker's action in causing me to lose my position in April 2016 was reprisal for my prior EEO action in 2014.

When I arrived home that evening of March 17, I began to receive phone calls and texts from my co-workers regarding my failed drug test and my meeting that day with Bergstad and Wade-Tucker. (Id.). This caused me extreme emotional distress, humiliation, and embarrassment, as my rights to privacy had been violated pursuant to HIPAA Privacy Rule (The Health Insurance Portability and Accountability Act of 1996, Public Law 104-191), as well as the agency's responsibility to safeguarding sensitive documents and records, as well as the handling of sensitive personally identifiable information. (EX. 9a). I continued my duties at work minus the important screening functions until my termination of April 4, 2016. (EX. 3(j), EX. 6). Bragstad and Wade-Tucker had caused this private information to be circulated among the workforce.

After I was fired, I discovered in June 2016 that a white female employee, Sara Franken, had been tested for drugs three (3) times in March 2016 and had failed the tests all three times. (EX. 4(a)). However, she was treated much differently than I was treated: (1) each of the three (3) times she was tested, the third time in less than four (4) weeks, she received a call from the testing center either that night or the next day, that she had failed, compared to the nine (9) days that I had to wait to be informed of my failing the test; (2) her urine also contained amphetamines and she was asked to submit proof of her prescriptions by photographing the entire labels of the bottles and emailing these photos to an email

1

address she was given; (3) she was sent a confirmation email each of the three times she was tested indicating that she had officially submitted evidence as proof of her current prescription; and (4) she retained her screening functions and her job. (EX. 4(a)).

**Mediation:** After I was unjustly fired, I elected to participate in ADR (Alternative Dispute Resolution) Mediation) to mediate my dismissal with Bragstad on September 29, 2016 to no avail. (EX. 3(L)). Yolanda Wade was the ADR (Alternative Dispute Resolution) Mediator. Because Bragstad was deaf to my concerns and my comparison of Sara Franken's treatment to mine, e.g., her being promptly notified of her failed tests three times in March 2016 and her being asked to provide documentation of her medication, thereby keeping her job. Bragstad merely continued asserting that my case was not an EEO case because he was just following TSA policy with its zero tolerance for drug use and following the dictates of the testing facility. He suggested I take the matter up with the testing facility as they had administered the test. Of course, this mediation resulted in a No Agreement Letter of September 29, 2016. (Id.).

**EEO Complaints with TSA:** On August 5, 2016, I contacted the agency's EEO Counselor and had an initial interview on August 17, 2016. My final interview with the EEO Counselor, Daniel Ricketts, on October 21, 2016. After the failure of the ADA Mediation Ricketts notified me on October 28, 2016, of my right to file a formal discrimination complaint against TSA within 15 calendar days from that date, or by November 12, 2016. (EX. 3(e)). Due to the stress I was suffering from the loss of my house and car, and in my confusion, I counted 15 days, excluding weekends, and filed November 17, 2016. (Id.). When Ricketts emailed me on November 14, 2016, to inquire why I had filed my complaint when I did, I was still unaware that I had missed the deadline. (Id.) On February 3, 2017, I reached out to Ricketts to inquire about my claim because I had still not heard anything, and wondered whether I needed to reach out to anyone else. On February 6, 2017, Ricketts responded and informed me that my complaint was being processed and that I should hear from DHS in the "next couple of weeks." (Id.) On February 27, 2017, I again contacted Ricketts to tell him that I had still not heard anything about my complaint and was concerned because I did not want to miss any deadlines. Ricketts responded on February 27, informing me to be patient while the Final Agency Decision (FAD) was being prepared. Still not hearing anything, I emailed Ricketts on April 3, 2017, and he replied on April 4 that my case had been dismissed for untimeliness. During all this time I had been under the impression that my case had been accepted for processing since November 16, 2016, due to Ricketts' assertions on February 6 and 27, 2017, that my complaint was still being processed. (Id. 3(e) and 3(f)). He also informed me that a certified letter had been sent to my place of residence that I never received. That letter arrived at the post office on March 9, 2017, and stayed at the post office because no attempt had ever been made to deliver the letter. (Id., 3(e), 3(h)).

I filed my subsequent appeal which was denied by the DHS Appellate Board based on untimeliness. (EX.3(j)). On May 19, 2017, DHS also filed its Opposition to Complainant's Appeal for the same reason. (EX. 3(k)). I am now before the U.S. District Court for the District of Columbia with my prayer for justice in this matter.

2

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I ask to be reinstated to my previous position as Supervisory Transportation Security Officer and the chance to continue to prove myself to be the excellent, hardworking, trustworthy employee known to the TSA agency since I was hired on 16 October 2005. I was on prescribed medication when I failed the random drug test and was never asked to provide medical documentation, while a white employee during the same period of time was tested three times, failing each time, and asked to provide documentation of her prescriptions and allowed to keep her job. Thus, I seek compensatory damages of my back pay of $51,238.00, my annual salary from 6 April 2016 until 6 April 2017, and $4,269.83 every month until reinstatement, my monthly salary. (EX.5c). In addition, I seek punitive damages of $1,000,000 for damages to my reputation and professional standing due to the agency broadcasting to my workplace the news of my failing the drug test, causing me considerable embarassment and humiliation. I received phone calls and texts at home questioning this matter from co-workers on 16 March 2016 after arriving home from my "pre-decisional" meeting with co-defendants Timothy Bradstad and Charita Wade-Tucker.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/28/17

Signature of Plaintiff: *Monica Hoddard*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

|  |  |
|---|---|
| Printed Name of Plaintiff | Monica Angela Stoddard |

**B.  For Attorneys**

Date of signing:    9/20/2017

| | |
|---|---|
| Signature of Attorney | /s/ Vicki Carol Bryant |
| Printed Name of Attorney | Vicki Carol Bryant |
| Bar Number | 494977 |
| Name of Law Firm | Ms. Stoddard hired me to prepare these court filing papers. I am not of counsel in this matter. |
| Street Address | 9201 Three Oaks Drive |
| State and Zip Code | Silver Spring, Maryland 20901 |
| Telephone Number | 301-588-1494 |
| E-mail Address | vickibryantesq@verizon.net |